It appears by the testimony of witnesses, the report of the commissioners of appraisement, and the record of the proceedings before the vice chancellor, that William N. Dyckman was retained and appeared as the counsel for all the persons interested in the premises in question, and made suggestions in their behalf when the damages were appraised, and subsequently, before the vice chancellor, opposed the confirmation of the report. No exception was taken that the proceedings were against the defendants jointly. On the contrary, the litigation was upon the ground exclusively of the inadequacy of the damages awarded to the owners, as joint proprietors of the premises in question. No objection was interposed to the proceedings, on account of the want of personal notice to the plaintiff of the application for the appointment of appraisers. These matters now insisted upon as depriving the vice chancellor of jurisdiction, were irregularities, which could be, and were, waived, by the voluntary appearance of the plaintiff, and by his election to take the chances of a joint, instead of a several assessment of damages.
Another objection is, that the defendants had shewn no attempt to agree with the owners for the purchase of the premises. The 12th sec. of the act of 1834, (Session Laws, 1834, ch. 256,p. 453,) provides that in case of disagreement between the water commissioners and the owners, as to the value of the property necessary for the work therein authorised, the vice chancellor might upon the application of either party, appoint commissioners, c. *Page 443 
The failure to agree, is a fact necessary to be alleged and proved. It was distinctly stated in the petition, and sworn to upon the knowledge of one of the commissioners. This was all that was necessary to give the vice chancellor jurisdiction primafacie. The fact was an issuable one, which if the appellant chose to controvert, must have been proved in the ordinary way, or the application have been dismissed. But he was not at liberty to lie by until the appraisers had been appointed and the damages assessed, with the concurrence and after suggestions of his counsel; until the report had been confirmed and the land appropriated; and then in ejectment insist, that due proof was not made of a jurisdictional fact, which if not admitted, was certainly not contradicted by him.
The appellant insists, that, even if proof was made before the vice chancellor, of the disagreement; yet if the fact was otherwise, the proceedings were without jurisdiction and void. Hence, the offer of the appellant "to prove that no "attempt had been made to agree with the plaintiff," admits by implication, that the proper allegations were to be found in the petition, and that those allegations were supported by competent evidence. I am inclined to think, that if the requisite proof was made to sustain the allegation, that jurisdiction would attach, although the witness was mistaken or perjured.
Another objection is that no tender of the damages awarded was made to the plaintiff.
The answer is, that the application was made and the interest of the plaintiff appraised, as a joint owner with others, of the land in controversy. He, as we have seen, acquiesced in that mode of proceeding, and when an application was made to the vice chancellor, to pay the award into court, for the benefit of the owners, it was opposed and defeated by his counsel. The respondents then did all that they were required to do. They made a tender to one of the owners, who ostensibly acted for the others before the appraisers, in *Page 444 
shewing the property, and in making suggestions as to the common interest, in which the plaintiff at the time concurred. The tender was made upon the premises, when the plaintiff was in the house; and refused, because the plaintiff, in common with the rest of the family, was dissatisfied with the amount of the award, and for no other reason. This is apparent from the testimony of the appellant's own witness. It is sufficient, however, that Jonathan O. Dyckman, to whom the tender was made, was a joint owner and had acted with the family throughout the proceedings. Although he was not formally constituted their attorney, as part owner he had a right to receive the money. (Chitty on Contracts, 795; Bacon's Ab. Tender E.) The judgment should be affirmed.
Judgment affirmed.